**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EDWARD KENNEDY; CATHERINE
A. SINGER,

      Plaintiffs - Appellants,

  v.

RICHARD HUGHES; WALTER
DASHENO; EDWIN TAFOYA;
DALE BACA; CHARLES SUAZO;
JOSEPH VAL GUTIERREZ; C.
ANTHONY SUAZO; JOSE N.
CHAVARRIA; JOHN SHIJE;
FRANCIS TAFOYA; ALVIN
WARREN; DENNY GUTIERREZ;
GEORGE GUTIERREZ,

      Defendants - Appellees.

No. 02-2112
(D.C. No. CIV-01-1183-WJ/LFG)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs, members of two different Indian tribes, filed suit in federal district court against several officials of the Santa Clara Pueblo Tribe, claiming violations of their civil and constitutional rights as protected by the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1301 et seq. Concluding that ICRA does not authorize plaintiffs' suit, the district court dismissed the action. Kennedy v. Hughes, No. CIV 01-1183 WJ/LFG, slip op. at 5 (D.N.M. Mar. 27, 2002). In order to resolve the issue presented, we reassess the extent to which Congress created a private cause of action under ICRA. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I

Edward Kennedy, a member of the Blackfeet Indian Tribe, and his wife Catherine A. Singer, a member of the Santa Clara Pueblo (collectively, "plaintiffs"), both reside on the Santa Clara Pueblo reservation. In 1996, plaintiffs filed a suit in the Santa Clara Tribal Court against Chief Judge Silva of that court and fourteen Santa Clara Tribal Council ("Council") members, claiming that their civil rights were violated when Chief Judge Silva incarcerated Kennedy and seized property belonging to Singer.[1] Richard Hughes was retained by the Council to defend this suit. On September 11, 1997, Santa Clara Tribal Court

---

[1] Judge Silva incarcerated Kennedy and seized Singer's property when Kennedy failed to pay two default judgments entered against him in lawsuits brought by plaintiffs who are not parties to the instant case.

Judge H. Paul Tsosie granted defendants' motion to dismiss the complaint. Plaintiffs then appealed to the Santa Clara Pueblo Tribal Court of Appeals, which reversed the tribal court's dismissal in 1998 and remanded for further proceedings.[2]

Central to the tribal appeal of plaintiffs' Tribal Court suit against Silva and the Tribal Council members was whether a waiver of the tribe's sovereign immunity for purposes of civil rights actions continued to be in effect. In 1981, the Council had enacted a Law and Order Code ("Code") that contained a waiver of immunity for civil rights actions. In December 1983, the Council repealed this waiver by resolution, reaffirming its immunity from suit and that of its members, officers, employees, and staff. In March 1985, however, the Council reenacted the 1981 Code, but, according to the Council, the reenactment was "subject to all intervening changes, including the repeal of [the waiver provision]." (Appellant's App. at 75.) Nonetheless, Hughes advised the Council following the remand of plaintiffs' suit that the status of the waiver was uncertain, and suggested a proposed resolution reaffirming the tribe's sovereign immunity in civil rights cases. This resolution was passed in November 1998 as Resolution No. 98-29.

---

[2] According to the parties, this action was still pending on remand to the Santa Clara Tribal Court as of August 2002 (the date defendants filed responsive briefing before this court).

Following the enactment of this resolution, the plaintiffs filed a new action in the Santa Clara Tribal Court against Hughes and all the members of the Council who had voted to adopt Resolution No. 98-29. In this action, the plaintiffs claimed that Resolution No. 98-29 violated their rights under the Santa Clara Pueblo Constitution and their rights under the U.S. Constitution as protected by ICRA. Judge Frank DeMolli, appointed as Tribal Judge pro tempore, granted defendants' motion to dismiss. Plaintiffs did not appeal this order.[3]

In October 2001, plaintiffs filed the present suit in federal district court against several tribal officials (collectively "Tribal Defendants") and Hughes. In this action, plaintiffs claimed that the Tribal Defendants and Hughes had violated their constitutional rights as protected by ICRA, 25 U.S.C. § 1302 ("No Indian tribe in exercising powers of self-government shall . . . deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law."). Specifically, plaintiffs made the same argument they had raised in their second suit in tribal court, claiming that the enactment of Regulation No. 98-29 violated the Santa Clara Pueblo Constitution,

_____

[3] After Judge DeMolli dismissed plaintiffs' second case in tribal court, the Council concluded that the cost of maintaining a separate tribal court of appeals was not justified, and transferred appellate jurisdiction over decisions of the Tribal Court to the Southwest Intertribal Court of Appeals ("SWITCA"). While the attorney for Kennedy and Singer was aware of this transfer of appellate jurisdiction, Kennedy and Singer apparently did not pursue an appeal before SWITCA.

the United States Constitution, and § 1302 of ICRA, insofar as it denied them due process and equal protection of the law. Plaintiffs sought compensatory and punitive damages as well as declaratory relief.

Hughes and the Tribal Defendants filed separate motions to dismiss, arguing, among other grounds, that § 1302 of ICRA does not create a cause of action for this claim in federal court. The district court dismissed the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim or, in the alternative, for lack of subject matter jurisdiction. Kennedy v. Hughes, slip op. at 5. Plaintiffs appeal this decision.

## II

A dismissal for lack of subject matter jurisdiction is reviewed de novo. U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999). In reviewing a dismissal for failure to state a claim under Rule 12(b)(6), we accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The legal sufficiency of a complaint is a question of law; therefore, a Rule 12(b)(6) dismissal is reviewed de novo. Id.

Because plaintiffs' federal suit in the instant case is based on § 1302 of ICRA, we consider as a threshold matter whether a private cause of action may be

brought under that section.  In <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S. 49, 69 (1978), the Supreme Court held that the only provision of ICRA that authorizes a private cause of action is § 1303, the habeas corpus provision.  The Court held that § 1302, the section under which plaintiffs bring the instant action, "does not impliedly authorize actions for declaratory or injunctive relief against either [a] tribe or its officers."  <u>Id.</u> at 72.  We recognized a limited exception to this rule in the case of <u>Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes</u>, 623 F.2d 682 (10th Cir. 1980), and plaintiffs claim that their action falls under the <u>Dry Creek</u> exception to <u>Santa Clara</u>.

In <u>Dry Creek</u>, the plaintiffs were non-Indians involved in a land dispute with two Indian tribes.  <u>Id.</u> at 683–84.  Although we acknowledged <u>Santa Clara</u> as governing authority, we nonetheless noted that the <u>Dry Creek</u> plaintiffs had "no remedy within the tribal machinery nor with the tribal officials in whose election they cannot participate."  <u>Id.</u> at 685.  We accordingly distinguished <u>Santa Clara</u> on the grounds that <u>Santa Clara</u> involved "entirely an internal matter concerning tribal members" and that "[t]he members of the Tribe who were seeking relief also had access to their own elected officials and their tribal machinery to settle the problem."  <u>Id.</u>

We have held that our holding in <u>Dry Creek</u> must be interpreted narrowly to avoid conflict with the Supreme Court's decision in <u>Santa Clara</u>.  <u>White v. Pueblo</u>

of San Juan, 728 F.2d 1307, 1312 (10th Cir. 1984). In order for the Dry Creek exception to apply, "[a] plaintiff must demonstrate: the dispute involves a non-Indian party; a tribal forum is not available; and the dispute involves an issue falling outside internal tribal affairs." Ordinance 59 Ass'n v. U.S. Dep't of the Interior Sec'y, 163 F.3d 1150, 1156 (10th Cir. 1998).[4]

In the instant case, the district court concluded that plaintiffs had failed to satisfy the second two requirements for the Dry Creek exception to apply.[5] Kennedy v. Hughes, slip op. at 4–5. As to the existence of a tribal forum, the district court concluded that a tribal forum is available in this case, as plaintiffs have filed two actions before the Santa Clara Tribal Court, the second of which involved the same claim as in the instant federal case.

In this Court, plaintiffs assert that they "have demonstrated that no tribal forum is viable to hear and decide their claims." (Appellants' Br. at 9.) According to plaintiffs, "[a] pro tem judge appointed by the Tribal Defendants determined that Appellants' second complaint should be dismissed because the

---

[4] Subsequent decisions have limited the Dry Creek exception to cases involving "particularly egregious allegations of personal restraint and deprivation of personal rights." Ramey Constr. Co. v. Apache Tribe of Mescalero Reservation, 673 F.2d 315, 319 n.4 (10th Cir. 1982); Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324, 1346 (10th Cir. 1982).

[5] The district court did not reach the first requirement in light of its determination that the other two requirements were not met. Kennedy v. Hughes, slip op. at 4.

Santa Clara Tribal Defendants' actions were not subject to judicial review." (Id. at 6.)

This misrepresents the tribal court's decision. Judge Frank Demolli, appointed to hear plaintiffs' case in tribal court, expressly ruled that the court had "both subject matter and personal jurisdiction" over the case (Appellants' App. at 101), and rejected plaintiffs' claims on the merits under ICRA as well as the Constitution and Bylaws of the Santa Clara Pueblo. In an extensive written opinion relying on both federal and tribal court precedent, Judge Demolli held that Santa Clara Pueblo tribal courts are available as forums for adjudication of civil rights claims under ICRA and other law, and that "[a]ny civil rights claim shall be reviewed using the background of tribal sovereignty and in the context of the Pueblo of Santa Clara's unique tribal law and custom." (Id. at 106.) Judge Demolli then proceeded to explain why plaintiffs' claims of due process, equal protection, and bill of attainder violations were deficient on the merits to state a claim on which relief may be granted. Plaintiffs did not appeal.[6]

The Dry Creek exception thus plainly does not apply. In Dry Creek, there was "no forum where the dispute can be resolved and the personal and property rights asserted by plaintiffs be considered." 623 F.2d at 684. Here, by contrast, the Santa Clara Pueblo has made its tribal courts available for vindication of such

---

[6] See supra note 3.

-8-

rights.  This is precisely as contemplated by the Supreme Court:  "Tribal forums are available to vindicate rights created by the ICRA . . . .  Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians."  Santa Clara Pueblo v. Martinez, 436 U.S. at 65.  Plaintiffs have taken advantage of that forum, not once but twice.  They did not prevail on the merits, but that does not entitle them to take their claim to federal court.

In light of the availability of a tribal forum, we need not consider whether plaintiffs' case satisfies any of the other elements of the Dry Creek exception.  Because Santa Clara holds that there is no private cause of action under ICRA outside the habeas context and plaintiffs fall under no exception to this rule, the district court correctly dismissed this suit for lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted.

**III**

The judgment of the district court is **AFFIRMED**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-9-